UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVALDAS CEPULEVICIUS, | : :  : Civil Action No. 2:21-20332 (JXN) (CLW) |
| Plaintiff, | : : |
| v. | : OPINION |
| ARBELLA MUTUAL INSURANCE, | : : |
| Defendant. | : : : |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on the unopposed motion to dismiss [ECF No. 17] filed by Defendant Arbella Mutual Insurance ("Defendant" or "Arbella"). Defendant has moved to dismiss the Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion to dismiss [ECF No. 17] is **GRANTED**.

**I.     BACKGROUND**

On December 3, 2021, Plaintiff initiated this action by filing a Complaint. Compl., ECF No. 1. In the Complaint, Plaintiff alleges that Plaintiff was eligible for uninsured motorist benefits under Defendant's insurance policy for injuries sustained on or about December 7, 2015. *Id.* ¶¶ 1-2. The Complaint lists Plaintiff's address as Nantucket, Massachusetts and Defendant's as Farmington, Connecticut. *Id.*

1

On August 25, 2022, Defendant's moved to dismiss Plaintiff's Complaint on the ground that Plaintiff failed to establish diversity jurisdiction. Def.'s Br., ECF No. 17-2. In support of its motion, Defendant notes that "[t]he Complaint fails to specifically plead that [Defendant] is a citizen or domiciliary of a state other than Massachusetts." *Id*. at 2. In further support, Defendant submits the Declaration of Gail Eagan who is Defendant's Corporate Secretary, Clerk, and General Counsel. Egan Decl., ECF No. 17-6. As set forth in the Egan Declaration, Arbella is domiciled in and formed under the law of the Commonwealth of Massachusetts and its principal place of business is located in the Commonwealth of Massachusetts. *Id.* ¶ 4.

To date, Plaintiff has not filed any opposition to Defendant's motion. Thus, the Court will consider Defendant's motion as unopposed.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have an obligation to establish subject matter jurisdiction, even if they must decide the issue *sua sponte*. *See Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995). If a court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action because subject matter jurisdiction "calls into question the very legitimacy of a court's adjudicatory authority." *See Council Tree Commc'ns., Inc. v. FCC*, 503 F.3d 284, 292 (3d Cir. 2007).

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may be brought as a facial or factual challenge. *See Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008). Where the motion challenges jurisdiction on the face of the complaint, the court only considers the allegations of the complaint and documents referred to therein in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884,

891 (3d Cir. 1977)). The standard of review in a facial challenge is treated like a Rule 12(b)(6) motion to dismiss, in that the court must assume that the complaint's well-pleaded factual allegations are true. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).

By contrast, where the existence of subject matter jurisdiction is challenged factually, "no presumptive truthfulness attaches to the plaintiff's allegations," and the court may consider evidence outside the pleadings to satisfy itself of its power to hear the case. *Id.* Thus "Rule 12(b)(1) does not provide plaintiffs the procedural safeguards of Rule 12(b)(6), such as assuming the truth of the plaintiff's allegations." *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008).

Here, Defendant argues both facially and factually that Plaintiff has not established diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### III.   DISCUSSION

Diversity of citizenship requires "complete diversity" of all the parties, meaning that "in cases with multiple plaintiffs or multiple defendants, no plaintiff [can] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Svcs. Inc.*, 545 U.S. 546, 553 (2005)). The essential inquiry in determining complete diversity is ascertaining the citizenship of each party to the action. *Id*. Citizenship for natural persons is determined based on the state in which the person is domiciled; a corporation is a citizen of the state in which it is incorporated, as well as where it has its principal place of business. *Id*. In addition to complete diversity, 28 U.S.C. 1332 also requires that the amount in controversy for the matter exceed the sum or value of $75,000. *Id*.; 28 U.S.C. § 1332. Here, the complaint does not satisfy subject matter jurisdiction under 28 U.S.C. § 1332.

Considering a facial challenge only, the Court finds that the Complaint fails to allege facts to establish complete diversity. In the Complaint, Plaintiff's address is listed as Nantucket,

Massachusetts and Defendant's as Farmington, Connecticut. Compl. at 1. The Complaint, however, makes no specific allegations with respect to citizenship of either party that would support diversity jurisdiction. More specifically, the Complaint fails to allege that Plaintiff and Defendant are citizens of different states. Because the Complaint fails to allege that Defendant is a citizen of a state other than Massachusetts, it fails to set forth jurisdiction and it must be dismissed on a facial jurisdictional challenge. *See Ibrahim v. Wells Fargo Bank, N.A.*, No. 19-vb-13601(KM)(SCM), 2020 WL 4251477, at *2 (D.N.J. July 24, 2020) (dismissing the complaint under a facial jurisdictional challenge when the plaintiff did not allege that the plaintiff and defendant were citizens of different states).

In addition, the Complaint must be dismissed on a factual jurisdictional challenge. Defendant's general counsel submitted a declaration confirming that Arbella is domiciled in and formed under the law of the Commonwealth of Massachusetts and its principal place of business is located in the Commonwealth of Massachusetts. *Id.* ¶ 4. This additional information further establishes that diversity is lacking. Accordingly, Plaintiff's Complaint must be dismissed.[1]

### IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [ECF No. 17] is **GRANTED.** This dismissal is without prejudice to the assertion of Plaintiff's state law claims in the proper state court forum. An appropriate Form of Order accompanies this Opinion.

DATED: November 22, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[1] The Court also notes that Plaintiff has not met the $75,000 amount-in-controversy requirement.